IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BERLIN, *et al.*,

      Plaintiffs,

    v.                                    Civil Action No. 1:14-cv-01306-JEB

BANK OF AMERICA, N.A., *et al.,*

      Defendants.

_____/

**PLAINTIFFS' SUR-REPLY IN OPPOSITION
TO BANK OF AMERICA'S MOTION TO DISMISS**

      Plaintiffs Donald and Kimberley Berlin submit this brief sur-reply in order to address three arguments first advanced by Defendant Bank of America, N.A. (the "Bank") in its Reply in Support of its Motion to Dismiss the First Amended Complaint ("FAC"). (Dkt. 31). This Court "highly disfavors parties creating new arguments at the reply stage…." <u>Pub. Citizen Health Research Grp. v. NIH</u>, 209 F. Supp. 2d 37, 43 (D.D.C. 2002). The Court should "decline to consider arguments that are raised for the first time in a reply to an opposition." <u>Taitz v. Obama</u>, 754 F. Supp. 2d 57, 61 (D.D.C. 2010) (citing <u>Pub. Citizen Health Research Group</u>).

      Therefore, this Court should not consider the following three arguments which the Bank first raises in its Reply brief: (1) that the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, preempts the Berlins' contract claims, (2) that the Berlins' breach of covenant claim is barred by the statute of limitations, and (3) that the Berlins' negligent misrepresentation claim is barred by doctrine of contributory negligence. If, notwithstanding the above authority, the Court does consider the Bank's three new arguments, for the reasons discussed below they are without merit and should be rejected.

## I. FCRA DOES NOT PREEMPT A BREACH OF CONTRACT CLAIM.

The Bank asserts for the first time in its Reply that the Berlins' breach of contract claim is preempted by the Fair Credit Reporting Act ("FCRA"), which states: "No requirement or prohibition may be imposed under the laws of any State … with respect to any subject matter under … [*inter alia*] section 1681s-2 of this title … relating to the responsibilities of furnishers of information to consumer reporting agencies…." 15 U.S.C. § 1681t(b)(1)(f). (Dkt. 31 at 5).

However, absent express language to the contrary, federal statutes do not preempt contract claims. A contractual obligation is voluntarily assumed rather than "imposed by state law." *See* Cipollone v. Ligget Group, 505 U.S. 504, 525-26 (1992) ("[A] contractual commitment voluntarily undertaken should not be regarded as a 'requirement … *imposed under state law*' within the meaning of" similar language in 15 U.S.C. § 1334(b)) (emphasis in original).

Indeed, courts have repeatedly rejected the defense that FCRA preempts claims for breach of an express contract. Rex v. Chase Home Fin. LLC, 905 F.Supp.2d 1111, 1152 (C.D. Cal. 2012); Spencer v. Nat'l City Mortgage, 831 F.Supp.2d 1353, 1363-34 (N.D.Ga. 2011); Leet v. Cellco Partnership, 480 F.Supp.2d 422, 432 (D.Mass. 2007). *See also* Carruthers v. Am. Honda Fin. Corp., 717 F. Supp. 2d 1251, 1254 (N.D. Fla. 2010) ("breach of contract claims are not ordinarily preempted" by FCRA); Kavicky v. Wash. Mut. Bank, 2007 U.S. Dist. LEXIS 33252, 6, 2007 WL 1341345 (D. Conn. May 5, 2007) (FCRA does not preempt claim for breach of an agreement between parties).[1]

---

[1] The two cases on which the Bank relies are not at all on point. In Himmelstein v. Comcast of the Dist., L.L.C., 931 F. Supp. 2d 48, 60 (D.D.C. 2013), this Court held a negligence claim to be preempted by FCRA. Similarly, in Ihebereme v. Capital One, N.A., 933 F.Supp.2d 86, 98 (D.D.C. 2013), none of the preempted claims was a claim for breach of contract. The question whether a contract claim is preempted by FCRA was not before either Court.

The FAC alleges the Bank expressly agreed to correct the erroneous information it furnished to consumer reporting agencies and to cease further reporting of erroneous information. These duties were voluntarily assumed rather than "imposed under state law" and may be enforced notwithstanding FCRA's preemption language.

## II. THE BERLINS ALLEGE BREACHES OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING WITHIN THE LIMITATIONS PERIOD IN BOTH JURISDICTIONS.

Equally flawed is the Bank's new assertion that the Berlins' claim for breach of the covenant of good faith and fair dealing is time barred. (Dkt. 31 at 8). In so arguing, the Bank relies on only one sub-paragraph of the FAC, ignoring numerous alleged breaches of the covenant and damages first accruing within both applicable limitations periods.[2] Even were that not the case, courts in Virginia and in the District of Columbia hold each instance of a breach gives rise to a fresh limitations period. The Berlins' breach of covenant claims are not time-barred.

To begin with, the District imposes a three-year statute "on a simple contract, express or implied." D.C. Code § 12-301(7). Virginia's courts apply a three-year statute of limitations to claims for breach of the implied covenant of good faith and fair dealing. *See* Corinthian Mortg. Corp v. ChoicePoint Precision Mktg., LLC, 2008 U.S. Dist. LEXIS 53573, 9, 2008 WL 2776991 (E.D. Va. July 14, 2008) (applying shorter, three-year statute of limitations in Va.

---

[2] The Bank continues to cite only District of Columbia authority in support of is Motion. (*E.g.,* Dkt. 31 at 8 (referring to the District's three year limitations period for claims arising out of an express or implied contract)). However, as noted in the Berlins' brief in opposition, the law of Virginia governs their claims based on the loan secured by their Leesburg, Virginia property. (Dkt. 21 at 8).

Code. § 8.01-246(4) to claims for breach of unwritten agreements, including the implied covenant).

Assuming the Berlins' breach covenant claims under both Notes are subject to three year statutes of limitations, the claims survive the Bank's motion. The Bank's motion references only one allegation: that it recorded defective documents and failed to correct the errors between 2009 and 2011. (Dkt. 31 at 8; Dkt. 17 at 35(a)). But the Berlins allege separate breaches based on similar conduct and based on other conduct, all causing them damages beginning in 2012, 2013, and 2014. (Dkt. 17 at ¶¶ 35(a)(4)-(7), 35(g), 35(j), 35(k), 35(m), and 36). "[T]he later actions are actionable even though they constitute a repetition of the earlier contract breach…." Kyriakopoulos v. George Washington Univ., 866 F.2d 438, 447 (D.C. Cir. 1989). The rule is the same in Virginia. Am. Physical Therapy Ass'n v. Fed'n of State Boards of Physical Therapy, 271 Va. 481, 485, 628 S.E.2d 928, 930 (2006). (With each breach "a new injury occurred and a separate cause of action accrued.").[3] For these reasons, the Berlins' breach of covenant claims cannot be dismissed as time-barred.[4]

---

[3] A determination of which of the Bank's breaches fall within the limitations period, and what damages the Berlins' sustained as a result of those breaches, must await discovery and development of a full record.

[4] Moreover, because the E Street Note is a document under seal, the Berlins' claims for breach of that agreement are subject to the District of Columbia's twelve year statute of limitations. D.C. Code § 12-301(6). This is confirmed by the very case on which the Bank relies, Murray v. Wells Fargo Home Mortg., 953 A.2d 308 (D.C. 2008). Next to the Berlins' signatures is the word "(Seal)" and the document recites "WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED." (Ex. 1 at 3). The D.C. Court of Appeals holds "the presence of the word 'seal' in parentheses and opposite the signature 'undoubtedly evinces an intention to make the instrument a sealed instrument[.]'" Murray, 953 A.2d at 318 (citing Burgess v. Square 3324 Hampshire Gardens Apartments, Inc., 691 A.2d 1153, 1156-57 (D.C. 1997)). The Bank's agent's signature adjacent to the Berlins' signature operates as a "presumption that [the bank]

### III. CONTRIBUTORY NEGLIGENCE IS NO BAR TO THE BERLINS' CLAIM FOR NEGLIGENT MISREPRESENTATION.

The Bank now argues the Berlins cannot recover for negligent misrepresentation because of contributory negligence; that is, since the Berlins signed the defective documents the Bank prepared, they are at fault for not discovering any errors. (Dkt. 31 at 14). Essentially, the Bank asserts the Berlins were not justified in relying on the Bank's representations as to the accuracy of the documents. Redmond v. State Farm Ins. Co., 728 A.2d 1202, 1207 (D.C. 1999).

In so arguing, however, the Bank misconstrues the Berlins' claim, which is not based solely on the Bank's preparation and recording of defective documents. Instead, the Berlins' claim is based on, *inter alia*, the Bank's representations that (a) it would correct the errors, and (b) it *had* corrected the errors. Both representations were false. (*E.g.*, Dkt. 17 at ¶¶ 35(b)(8) and 89). The Berlins have alleged they were justified in relying on these representations, (*id.* at ¶ 93), and there is no permissible basis to argue otherwise at this stage of the case.

### CONCLUSION

For all of the foregoing reasons and those discussed in the Berlins' brief in opposition, the Bank's Motion to Dismiss the First Amended Complaint should be denied.

February 8, 2015                                      Respectfully submitted,

                                                      /s/ Steven Oster
                                                      Steven M. Oster
                                                      **OSTER LAW FIRM**
                                                      1850 M Street, N.W., Suite 280
                                                      Washington, D.C. 20036

---

has adopted [the Berlins'] seal." Murray, 953 A.2d at 318 (citing McNulty v. Med. Serv. of Dist. of Columbia, Inc., 176 A.2d 783, 784 (D.C. 1962). Accordingly, a twelve year statute of limitations applies to the Berlins' claims for breach of the E Street Note because it is a sealed instrument.

                                              202.596.5291 (Phone)
                                              202.747.5862 (Facsimile)
                                              steve@osterlawfirm.com

                                              *Counsel to Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system and thereby served on counsel of record.


February 8, 2015                                                **/s/Steven M. Oster**
                                                              Steven M. Oster